IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE WILLIAMS,

        Plaintiff,                            No. CIV S-06-0545 MCE EFB P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.               <u>ORDER</u>

        /

        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        By order filed April 11, 2006, plaintiff's original *in forma pauperis* application was dismissed with thirty days leave to file a new application. On April 24, 2006, plaintiff filed a request for court-ordered access to the prison law library to complete the new application. On May 1, 2006, plaintiff moved for an extension of time in which to file the new application. On May 17, 2006, plaintiff filed a new *in forma pauperis* application. Plaintiff's April 24, 2006 request is mooted by the filing of the May 17, 2006 application and will therefore be denied. Plaintiff's May 1, 2006 motion for extension of time will be granted and the May 17, 2006, application will be deemed timely filed.

1

On May 19, 2006, plaintiff filed a document styled as a request for transfer to the federal Bureau of Prisons. Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Nor does an inmate have a constitutional right to any particular classification. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987). Alleged deprivations of rights arising from prison officials' housing and classification decisions do not give rise to a federal constitutional claim encompassed by the Fourteenth Amendment. *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and regulations give rise to an interest protected by the Fourteenth Amendment only where the restraint on a prisoner's liberty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Inmates have no federal constitutional right to particular procedures established by state law. *Toussaint v. McCarthy*, 801 F.2d 1080, 1096-97 (9th Cir. 1986). Plaintiff's request for a transfer will therefore be denied.

A prisoner may not bring a civil action or appeal a civil judgment under the in forma pauperis statute

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Review of court records reveals that on at least three occasions prior to the filing of this action lawsuits filed by plaintiff in this district were dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted.[1]

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

*See* Order filed February 22, 2002, in *Williams. v. Andrews*, Civ. F-01-6222 REC HGB P; Order filed February 28, 2002, in *Williams v. Wood*, Civ. F-01-6151 REC LJO P; and Order filed March 18, 2002 in *Williams v. Rendon*, Civ. F-01-5891 AWI SMS P.  Plaintiff is therefore not entitled to proceed *in forma pauperis* unless she[2] alleges facts indicating that she is in imminent danger of serious physical injury.  In an abundance of caution, the court will defer ruling on plaintiff's motion to proceed *in forma pauperis*, pending the filing of an amended complaint that is responsive to the requirements of Rule 8 (a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the reasoning set forth below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

---

[2] Plaintiff identifies as female in her complaint. For this reason, the court will also refer to plaintiff as a female.  In so doing, however, the court makes no findings on the merits of any claims raised in this action.

3

of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Plaintiff alleges denial of hormone treatment for gender dysphoria. Plaintiff names as defendants the California Department of Corrections and Rehabilitation, the County of Sacramento, and the City of Sacramento. Plaintiff is presently incarcerated at the California Correctional Institution in Tehachapi, California, a prison facility in the California Department of Corrections and Rehabilitation.[3] The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. *See Quern v. Jordan*, 440 U.S. 332 (1979); *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam); *Jackson v. Hayakawa*, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claim against the California Department of Corrections is frivolous and must be dismissed.

Plaintiff's allegations against the City and County of Sacramento are so vague and conclusory that it is unable to determine whether the claims against those entities are frivolous. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiffs complaint provides no such notice and statement of elements of a claim. Plaintiff must allege

---

[3] A fortiori, plaintiff is not "under imminent danger of serious physical injury" due to any act or omission by the City of Sacramento or the County of Sacramento.

4

with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Because plaintiff is not incarcerated in a city or county jail, plaintiff will not be able make a showing that she is in imminent danger of serious physical injury as a result of any act or omission by the City of Sacramento or the County of Sacramento. *See* footnote 3, *supra*. She will not, therefore, be permitted to proceed *in forma pauperis* if she proceeds solely against these defendants. It is not clear whether plaintiff might also be able to state one or more

cognizable claims for relief against individual defendants employed by the California Department of Corrections and Rehabilitation that satisfy the showing required by 28 U.S.C. § 1915(g).[4] For that reason, the court will defer ruling on plaintiff's application to proceed in forma pauperis pending the filing of an amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 24, 2006 request is denied;

2. Plaintiff's May 1, 2006 motion for an extension of time is granted;

3. Plaintiff's May 17, 2006 motion to proceed in forma pauperis is deemed timely filed;

4. Plaintiff's May 19, 2006, request for transfer to the Federal Bureau of Prisons is denied;

5. Ruling on plaintiff's request to proceed in forma pauperis is deferred until further order of court.

6. Plaintiff's complaint is dismissed.

7. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: November 15, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Given that plaintiff is presently incarcerated in Tehachapi, It is not clear whether venue over claims in an amended complaint would lie in the Sacramento Division or the Fresno Division of this Court. Determination of venue is also deferred pending the filing of an amended complaint.